**In re VALLEY KITCHENS, INC., Debtor.**

**OHIO VALLEY CARPENTER'S DISTRICT COUNCIL, LOCAL NO. 415, Movant,**

v.

**VALLEY KITCHENS, INC., Debtor.**

Bankruptcy No. 1–85–00278.
Contested Docket A.

United States Bankruptcy Court, S.D. Ohio, W.D.

Sept. 19, 1986.

David M. Cook, Kircher & Phalen, Cincinnati, Ohio, for movant.

Paul A. Nemann, Cohen, Todd, Kite & Stanford, Cincinnati, Ohio, for debtor.

## DECISION AND ORDER ON MOTION FOR RECONSIDERATION

BURTON PERLMAN, Bankruptcy Judge.

On August 11, 1986, our Decision and Order Re Right to Arbitrate was issued, in which we denied the application of Ohio Valley Carpenter's District Council, Local No. 415, movant herein (hereafter "Union"), to proceed to arbitration on certain claims. Union now moves that we reconsider our Decision and Order.

We regret an error in such Decision and Order. The volume of Am.Jur.2d where the quotation appearing on p. 7 of the Decision and Order is to be found, is not volume 21, but rather volume 21A. By the present order, we correct that error. It is this error which led Union to believe that the quotation upon which we relied was to be found in a discussion of criminal law, rather than in its proper context in volume 21A, a discussion of custom and usage. We continue to believe that the quoted statement of law is valid and controlling here.

The Union urges that we apply a statement to be found at 17 Am.Jur.2d, § 274, p. 683. At that place, the text is discussing contracts. The particular proposition presented by the Union, however, is to be applied, according to the text, where one is determining the meaning of an indefinite or ambiguous contract. We made it clear in our original decision, and adhere to that belief, that there is nothing ambiguous about the provision of the collective bargaining agreement which is being applied here. For that reason, we do not think that the last referred to proposition from the text is useful.

The balance of the memorandum submitted by the Union in support of its motion for reconsideration is for the most part devoted to various authorities which also support the proposition that custom and usage can be of assistance in interpreting

incomplete or ambiguous contractual language. As we have already said, that is simply not the situation here and, therefore, those authorities are irrelevant.

Another line of legal authority advanced by the Union is that a successor debtor is bound by the terms of a collective bargaining agreement in force both prior to and subsequent to the time of acquisition. The Union then says that this proposition has relevance because of certain testimony by plant manager Porter, to the effect that he was prepared to proceed with arbitration despite the failure of the Union to comply with the time mandates of the collective bargaining agreement. This statement by Porter, however, is not adequate to establish the acquiescence of this employer, either presently or prior to the acquisition of the employer by its present owner, in a custom and usage of ignoring the time limits of the collective bargaining agreement regarding grievances.

Accordingly, the motion for reconsideration is denied.

So Ordered.